**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Post-Effective Date Debtors. | Jointly Administered |
| MOHSIN Y. MEGHJI, LITIGATION ADMINISTRATOR, AS REPRESENTATIVE FOR THE POST-EFFECTIVE DATE DEBTORS, | |
| Plaintiff, | Civil No. 1:26-cv-03749 (LGS) |
| v. | Adv. Proc. No. 24-04004 (MG) |
| ANTOINE CASTEL, *et al.*, | |
| Defendants. | |

Motion **DENIED** without prejudice to renewal. Individual Rule III.C.2 requires parties to submit pre-motion letters prior to filing a motion to dismiss. Appellee shall file his pre-motion letter by **May 26, 2026.** Appellants shall file any response to the pre-motion letter by **June 2, 2026.** The parties shall refer to the Individual Rules and Local Rules for word limits and other requirements. So Ordered.

The Clerk of Court is respectfully directed to docket this Order in Case Nos. 26 Civ. 3749 and 26 Civ. 3750 and to close the motions at Dkt. 8 in Case No. 26 Civ. 3749 and at Dkt. 9 in Case No. 26 Civ. 3750.

Dated: May 19, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is 1209 Orange Street, Wilmington, Delaware 19801.

<table>
<tr><td>

MOHSIN Y. MEGHJI, LITIGATION
ADMINISTRATOR, AS REPRESENTATIVE FOR
THE POST-EFFECTIVE DATE DEBTORS,

    Plaintiff,

    v.

WALLET OWNER
0xdbc13e67f678cc00591920cece4dca6322a79ac7, *et al.*,

    Defendants.

</td><td>

Civil No. 1:26-cv-03750 (LGS)

Adv. Proc. No. 24-04005 (MG)

</td></tr>
</table>

### MOTION TO DISMISS INTERLOCUTORY APPEALS

Pursuant to Federal Rule of Bankruptcy Procedure 8013, Appellee Mohsin Y. Meghji, Litigation Administrator, as Representative for the Post-Effective Date Debtors ("**Litigation Administrator**"), respectfully moves to dismiss Appellants' interlocutory appeals from the bankruptcy court's Memorandum Opinion and Order Denying Request to Set Aside Default Judgments ("**Order**").

### INTRODUCTION

Appellants seek immediate review of a non-final bankruptcy court order, which denied their request to set aside entries of default but expressly contemplated further proceedings, including a damages inquest, before entry of final judgment. Because the Order is interlocutory, it is appealable only with leave of this Court under 28 U.S.C. § 158(a)(3) and Federal Rule of Bankruptcy Procedure 8004(a)(2). Appellants neither sought nor obtained such leave when filing their notices of appeal. That failure alone warrants dismissal.

But even if this Court construes Appellants' notices of appeal as motions for leave to appeal, interlocutory review would not be justified.  The denial of Appellants' request to vacate the defaults—in light of "egregious" and "willful" failure to take any action despite admitted awareness of the proceedings—involved the fact-bound application of settled default-vacatur principles and is fully reviewable after the bankruptcy court resolves damages and enters final judgment. Allowing the appeals to proceed would only promote piecemeal litigation and delay the orderly administration of the bankruptcy proceedings.  Accordingly, the appeals should be dismissed or, in the alternative, leave to appeal should be denied.

## BACKGROUND

These appeals arise from adversary proceedings brought by the Litigation Administrator against Appellant Arben Kane, who owns three Appellant cryptocurrency wallets.  *See* Order 2.  The Litigation Administrator timely served Appellants through a court-approved method of alternative service.  *See id.* at 2-3. When Appellants failed to file an answer or other responsive pleading, the Litigation Administrator requested, and the Clerk entered, defaults.  *See id.* at 3.  Appellants subsequently sought to vacate the defaults.  *See id.* at 2.

The bankruptcy court denied Appellants' request, finding that the "default was willful" and "egregious" because Kane "took no action in the case prior to the entry of default" notwithstanding his "admi[ssion] that he was aware of the claims against

3

him." *Id.* at 6-7. The bankruptcy court further held that "Kane has not demonstrated a meritorious defense, and the [Litigation Administrator] would be prejudiced by setting aside the default judgments" if forced to "incur substantial expenses as a result of Kane's failures." *Id.* at 7. In conclusion, the bankruptcy court made clear that "a subsequent damages inquest will determine the amount of any judgment that will be entered." *Id.*

Before any damages inquest occurred, however, Appellants filed two notices of appeal of the bankruptcy court's Order.[2] Appellants did not file motions for leave to appeal. Nor did they purport to invoke 28 U.S.C. § 158(a)(3) or Federal Rule of Bankruptcy Procedure 8004(a)(2). No final judgment has been entered in the adversary proceedings.

## ARGUMENT

These premature appeals fail at the threshold twice over. To start, Appellants did not seek the requisite leave to appeal the interlocutory Order. In any event, the Order does not satisfy the demanding standards for interlocutory review. Either defect independently warrants dismissal.

---

[2] The Appellants in No. 1:26-cv-3749 are Kane and one of the three cryptocurrency wallet owner defendants he owns. The Appellants in No. 1:26-cv-3750 are the three cryptocurrency wallet owner defendants he owns.

## I.    APPELLANTS FAILED TO SEEK LEAVE TO PURSUE THEIR INTERLOCUTORY APPEALS

In a bankruptcy case, a party has a right to seek immediate appellate review of "final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). "[I]nterlocutory orders," by contrast, are immediately appealable only "with leave of the [district] court." *Id.* § 158(a)(3). Accordingly, while a party seeking review of a final order need only file a notice of appeal, *see* FED. R. BANKR. P. 8003, a party seeking review of an order on an interlocutory basis "must" file a notice of appeal "accompanied by a motion for leave to appeal," FED. R. BANKR. P. 8004(a)(2).

In this case, the Order that Appellants seek to challenge is plainly interlocutory. While denying Appellants' request to vacate the entries of default, the bankruptcy court expressly indicated that "a subsequent damages inquest will determine the amount of any judgment that will be entered." Order 7; *see, e.g.*, *Swarna v. Al-Awadi*, 622 F.3d 123, 140-41 (2d Cir. 2010) ("[T]he entry of a default judgment conditional on an inquest on damages is an interlocutory act and therefore not ordinarily appealable."); *Dow Chem. Pac. Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 336 (2d Cir. 1986) (holding that default judgment was "no more than another interlocutory entry of default" where court "ordered that there be an inquest as to damages and indicated that only thereafter would a final judgment be entered"); *see also Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993) ("The entry of default is an interlocutory act and, as such, a non-final order."). Consequently,

5

Appellants may proceed in this Court only by filing a motion for leave to appeal, which they have failed to do. That deficiency alone warrants dismissal. *See, e.g.*, *Sharma v. Orion HealthCorp, Inc.*, No. 23-cv-1423, 2024 WL 344029, at *2 (E.D.N.Y. Jan. 30, 2024) ("Appellant has failed to request . . . leave [to appeal], so this Court may dismiss her appeal on this ground alone.").

## II. INTERLOCUTORY REVIEW IS NOT APPROPRIATE REGARDLESS

Even if this Court treats Appellants' notices of appeal as motions for leave to appeal, leave should be denied. "In exercising their discretion as to whether to grant leave to appeal an interlocutory order in a bankruptcy case, district courts have generally applied the standards set forth in 28 U.S.C. § 1292(b), which govern certification of interlocutory appeals from the district courts to the courts of appeals." *In re Old Mkt. Grp. Holdings Corp.*, No. 22-cv-10934, 2023 WL 2207667, at *3 (S.D.N.Y. Feb. 24, 2023) (internal quotation marks omitted). Under that framework, leave is warranted only if the order presents a controlling question of law as to which there is substantial ground for difference of opinion, and where immediate review would materially advance the ultimate termination of the litigation. *Id.* Even then, interlocutory review remains the exception, not the rule. *See Platinum Partners Value Arbitrage Fund L.P.*, No. 1:22-cv-6376, 2022 WL 4357548, at *3 (S.D.N.Y. Sept. 19, 2022) ("Leave to appeal an interlocutory order

should be granted only in exceptional circumstances.") (internal quotation marks omitted).

These appeals would not come close to satisfying the criteria for interlocutory review. Far from presenting a controlling question of law, the Order reflects the bankruptcy court's application of settled default-vacatur principles to Kane's "willful" and "egregious" recalcitrance. Order 6-7. Furthermore, immediate appellate review would not materially advance the litigation, given Kane's various admissions supporting the default and his inability to "demonstrate[] a meritorious defense." *Id.* at 7. Any arguments to the contrary, moreover, can be raised in the normal course after the bankruptcy court conducts its damages inquest and enters final judgment.

In short, no exceptional circumstances overcome the "general aversion to piecemeal litigation" or justify departing from "the basic policy of postponing appellate review until after the entry of a final judgment." *Platinum Partners*, 2022 WL 4357548, at 3. Accordingly, to the extent this Court even considers (in the absence of a motion) whether interlocutory appeals would be appropriate, leave to appeal should be denied.

## CONCLUSION

For the foregoing reasons, the Litigation Administrator respectfully requests that this Court dismiss the appeals or, in the alternative, deny leave to appeal.

7

Dated:    May 15, 2026        Respectfully Submitted
New York, New York

By: */s/ Mitchell P. Hurley*
Mitchell P. Hurley
AKIN GUMP STRAUSS HAUER &
FELD LLP
One Bryant Park
New York, New York 10036
Telephone:  (212) 872-1000
Facsimile:  (212) 872-1002

Z.W. Julius Chen (*pro hac vice*
forthcoming)
Natalia Heguaburo (*pro hac vice*
forthcoming)
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

Elizabeth D. Scott (*pro hac vice*
forthcoming)
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone:  (214) 969-2800
Facsimile:  (214) 969-4343

*Counsel for Appellee Mohsin Y.
Meghji, Litigation Administrator, as
Representative for the Post-Effective
Date Debtors*

8

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Bankruptcy Procedure 8013(f) and 8015(h), Federal Rule of Appellate Procedure 27(d), and Local Civil Rule 7.1(d) of the Southern District of New York, the undersigned certifies that this motion complies with the applicable type-volume limitation of Federal Rule of Bankruptcy Procedure 8013(f)(3)(A) because the motion contains 1,272 words.  This motion also complies with the typeface requirements of Federal Rules of Appellate Procedure 27(d) and 32(a)(5) and (6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

*/s/ Mitchell P. Hurley*
Mitchell P. Hurley