Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
Bank of America Tower
New York, NY 10036

T    +1 212.872.1000
F    +1 212.872.1002
akingump.com

**Akin**

**Mitchell Hurley**
+1 212.872.1011
mhurley@akingump.com

May 21, 2026

VIA ELECTRONIC COURT FILING

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Appellee's applications to set a briefing schedule and to stay other case deadlines are **GRANTED** for substantially the reasons in the letter below and in Appellee's motion to stay, respectively.  By **June 15, 2026**, Appellee shall file a motion to dismiss.  By **June 29, 2026**, Appellants shall file an opposition.  By **July 8, 2026**, Appellee shall file a reply in support of the motion.  All other deadlines are **STAYED** pending resolution of Appellee's motion to dismiss.

The Clerk of Court is respectfully directed to docket this Order in Case Nos. 26 Civ. 3749 and 26 Civ. 3750 and to close the motions at Dkt. 6 in Case No. 26 Civ. 3749 and Dkt. 7 in Case No. 26 Civ. 3750.

Dated: June 4, 2026
        New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Re:    *In re: Celsius Network LLC*, Case Nos. 1:26-cv-03749-LGS, 1:26-cv-03750-LGS

Dear Judge Schofield:

Pursuant to Individual Rule III.C.2, we write on behalf of our client, Appellee Mohsin Y. Meghji, Litigation Administrator, in his capacity as Representative for the Post-Effective Date Debtors ("Litigation Administrator").  We respectfully request that Your Honor dismiss Appellants' interlocutory appeals from the bankruptcy court's Memorandum Opinion and Order Denying Request to Set Aside Default Judgments ("Order"), or, in the alternative, deny leave to appeal.

Appellants seek immediate review of a non-final bankruptcy court order, which denied their request to set aside entries of default but expressly contemplated further proceedings, including a damages inquest, before entry of final judgment.  Because the Order is interlocutory, it is appealable only with leave of this Court under 28 U.S.C. § 158(a)(3) and Federal Rule of Bankruptcy Procedure 8004(a)(2).  *See Swarna v. Al-Awadi*, 622 F.3d 123, 140-41 (2d Cir. 2010) ("[T]he entry of a default judgment conditional on an inquest on damages is an interlocutory act and therefore not ordinarily appealable.").  Appellants neither sought nor obtained such leave when filing their notices of appeal.  That failure alone warrants dismissal.  *See, e.g.*, *Sharma v. Orion HealthCorp, Inc.*, No. 23-cv-1423, 2024 WL 344029, at *2 (E.D.N.Y. Jan. 30, 2024) ("Appellant has failed to request . . . leave [to appeal], so this Court may dismiss her appeal on this ground alone.").



May 21, 2026
Page 2

Even if this Court construes Appellants' notices of appeal as motions for leave to appeal, interlocutory review would not be justified. *See Platinum Partners Value Arbitrage Fund L.P.*, No. 1:22-cv-6376, 2022 WL 4357548, at *3 (S.D.N.Y. Sept. 19, 2022) (applying the standards set forth in 28 U.S.C. § 1292(b) to an interlocutory order of a bankruptcy court and explaining that "[l]eave to appeal an interlocutory order should be granted only in exceptional circumstances") (internal quotation marks omitted). The denial of Appellants' request to vacate the defaults—in light of "egregious" and "willful" failure to take any action despite admitted awareness of the proceedings—involved the fact-bound application of settled default-vacatur principles and is fully reviewable after the bankruptcy court resolves damages and enters final judgment. Allowing the appeals to proceed would only promote piecemeal litigation and delay the orderly administration of the bankruptcy proceedings. Accordingly, Appellee respectfully requests that the appeals be dismissed or, in the alternative, leave to appeal be denied.

The Litigation Administrator proposes the following briefing schedule for the motion to dismiss (a) the Litigation Administrator will file its motion to dismiss on or before June 1, 2026; (b) the Appellants will file their opposition to the motion to dismiss on or before June 15, 2026; and (c) the Litigation Administrator will file its reply in further support of its motion to dismiss on or before June 22, 2026.

We appreciate the Court's consideration of this matter.

Respectfully submitted,

*/s/ Mitchell P. Hurley*
Mitchell P. Hurley