UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: CELSIUS NETWORK LLC | 26 Civ. 3749 (LGS)<br>26 Civ. 3750 (LGS) |
| | **ORDER** |

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on April 15, 2026, the United States Bankruptcy Court for the Southern District of New York denied the request to set aside default judgments entered against Defendants collectively referred to as the "Kane Wallets." Dkts. 1/1.[1] The Kane Wallets comprise three cryptocurrency wallets, which are owned by Arben Kane ("Kane"), a defendant in a related adversary proceeding. *Id.*

WHEREAS, on May 6, 2026, Kane and the Kane Wallets (collectively, "Appellants") filed two notices of appeal of the Bankruptcy Court's order. *Id.*

WHEREAS, on June 4, 2026, Litigation Administrator Mohsin Meghji's ("Appellee") request to stay all appellate deadlines and to file a motion to dismiss the appeals was granted. Dkts. 16/17.

WHEREAS, on June 15, 2026, Appellee filed motions to dismiss in both actions. Dkts. 20/21. Appellants filed responses on July 13, 2026. Dkts. 24/24. Appellee filed replies on July 22, 2026. Dkts. 25/25.

WHEREAS, because the Bankruptcy Court indicated that "a subsequent damages inquest will determine the amount of any judgment that will be entered," Appellants seek interlocutory review of the Bankruptcy Court's order. Dkts. 1/1; *see Henry v. Oluwole*, 108 F.4th 45, 49-50 &

[1] Docket citations refer first to the docket number of the filing in Case No. 26 Civ. 3749. The docket number of the parallel filing in Case No. 26 Civ. 3750 is preceded by a slash.

n.2 (2d Cir. 2024) (concluding that "a default judgment only with respect to liability and not to damages" is non-final).[2]

WHEREAS, the Federal Rules of Bankruptcy Procedure require that parties seeking to appeal a bankruptcy court's interlocutory order file a notice of appeal "accompanied by a motion for leave to appeal." Fed. R. Bankr. P. 8004(a)(2); *see also* 28 U.S.C. § 158(a)(3) (requiring that appellants seek leave of court for interlocutory appeal of bankruptcy orders and decrees).

WHEREAS, neither of Appellants' notices of appeal were accompanied by a motion for leave to appeal.

WHEREAS, "[i]f an appellant files a timely notice of appeal . . . but fails to include a motion for leave to appeal, the district court . . . may . . . order the appellant to file a motion for leave to appeal within 14 days." Fed. R. Bankr. P. 8004(d)(2); *cf. Sharma v. Orion HealthCorp, Inc.*, No. 23 Civ. 1423, 2024 WL 344029, at *2 (E.D.N.Y. Jan. 30, 2024) ("Appellant has failed to request [leave of court to appeal under 28 U.S.C. § 158(a)(3)], so this Court may dismiss her appeal on this ground alone."). It is hereby

**ORDERED** that Appellants' appeals are **DISMISSED** without prejudice to refiling within 14 days of the entry of this Order.

The Clerk of Court is respectfully directed to close the motions at Dkt. 20 in Case No. 26 Civ. 3749 and Dkt. 21 in Case No. 26 Civ. 3750.

Dated: September 18, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.