UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

In re:

CELSIUS NETWORK LLC, et al.,

Post-Effective Date Debtors.

Chapter 11
Case No. 22-10964 (MG)

---------------------------------------------------------------------x

MOHSIN Y. MEGHJI, LITIGATION ADMINISTRATOR, AS REPRESENTATIVE FOR THE POST-EFFECTIVE DATE DEBTORS,

Plaintiff,

-against-

ANTOINE CASTEL, et al.

Defendants.

Adv. Pro. Case No. 24-04004

Civil No. 1:26-cv-03749 (LGS)

---------------------------------------------------------------------------x

MOHSIN Y. MEGHJI, LITIGATION ADMINISTRATOR, AS REPRESENTATIVE FOR THE POST-EFFECTIVE DATE DEBTORS,

Plaintiff,

-against-

WALLET OWNER
0xdbc13e67f678cc00591920cece4dca6322a79ac7, et al.,

Defendants.

Adv. Pro. Case No. 24-04005

Civil No. 1:26-cv-03750 (LGS)

---------------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>APPELLANT'S MOTION FOR LEAVE TO APPEAL</u>**

**TWERSKY PLLC**
747 Third Avenue, 32nd Floor
New York, New York 10017
(212) 425-0149

*Attorneys for Appellant Arben Kane*

Of Counsel:

Aaron Twersky, Esq.
Ilana Neufeld, Esq.

Appellee's response shall be filed by **October 16, 2026**.
So Ordered.

Dated: October 5, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

# TABLE OF CONTENTS

**BACKGROUND AND PROCEDURAL HISTORY** .................................................. 2

**LAW & ARGUMENT**

**POINT I**
**THE MOTION FOR LEAVE TO APPEAL MUSTBE GRANTED** .......................... 4

**A.** The Appeal Concerns Controlling Questions Of Law And Is Proper Under 28 U.S.C. § 1292(b)(1) ............................................... 6

**1.** A Party Who Answers And Is Actively Participating In And Defending An Action In One Cannot Be In Default In A Different Capacity ................... 7

**2.** A Default Judgment Should Not Have Been Entered In Either Case And An Inquest Should Not Proceed Until The Merits Are Determined ......... 9

**3.** The Bankruptcy Court Used The Incorrect Legal Standard ........................... 11

**B.** There Is A Substantial Ground For Difference Of Opinion And Therefore The Appeal Is Proper Under 28 U.S.C. § 1292(b)(2) ................. 12

**C.** This Appeal Will Advance The Termination Of This Litigation And Therefore Is Proper Under 28 U.S.C. § 1292(b)(3) .................................... 13

**D.** The Appeal Is Proper Under The Klinghoffer Case .......................................... 13

**POINT II**
**THE APPEAL MUST BE GRANTED IN ORDER TO ADDRESS ERRORS IN THE LOWER COURT'S DECISION** ....................... 14

**CONCLUSION** ........................................................................................... 16

Aaron Twersky, Esq.
Ilana Neufeld, Esq.
Twersky PLLC
747 Third Avenue, 32nd Floor
New York, New York 10017
(212) 425-0149
atwersky@twerskylaw.com
ineufeld@twerskylaw.com
*Attorney for Defendant Arben Kane*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x

In re:

CELSIUS NETWORK LLC, et al.,

Post-Effective Date Debtors.

Chapter 11
Case No. 22-10964 (MG)

----------------------------------------------------------------------x

MOHSIN Y. MEGHJI, LITIGATION ADMINISTRATOR, AS REPRESENTATIVE FOR THE POST-EFFECTIVE DATE DEBTORS,

Plaintiff,

-against-

ANTOINE CASTEL, et al.

Defendants.

Civil No. 1:26-cv-03749

Adv. Pro. Case No. 24-04004

----------------------------------------------------------------------------x

MOHSIN Y. MEGHJI, LITIGATION ADMINISTRATOR, AS REPRESENTATIVE FOR THE POST-EFFECTIVE DATE DEBTORS,

Plaintiff,

-against-

WALLET OWNER
0xdbc13e67f678cc00591920cece4dca6322a79ac7, et al.,

Defendants.

Civil No. 1:26-cv-03750

Adv. Pro. Case No. 24-04005

----------------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF**
**APPELLANT'S MOTION FOR LEAVE TO APPEAL**
**PURSUANT TO 28 U.S.C. § 158(a)(3) AND FED. R. BANK. P. 8004**

Appellant Arben Kane ("Kane" or "Appellant"), by and through his attorneys Twersky PLLC, files this Memorandum of Law in Support of his Motion For Leave to Appeal the Bankruptcy's Court Order, which denied Kane's request to set aside default judgments entered against him as Wallet Owner 0xd3C8e3E8DCD89Ae98fBa866dB20ae72DC2Ee75a3, Wallet Owner xbf7c232b80ad3131d69234cc820ccd26a3f6a823 and Wallet Owner 0x6c7Ce9f8aFA199 76f8BFa233EEed5b0a72d4E16c, three cryptocurrency wallets owned by Kane (the "Kane Wallets"). Kane respectfully moves, pursuant to 28 U.S.C. § 158(a)(3), Federal Rules of Bankruptcy 8004(d)(2), and this Court's Order dated September 18, 2026, for an order reinstating these appeals and granting Appellant leave to appeal the Bankruptcy Court's Order dated April 15, 2026 denying Kane's request to set aside the Clerk's entries of default against the Kane Wallets. For the reasons stated below, this Motion must be granted.

**BACKGROUND AND PROCEDURAL HISTORY**

On July 12, 2024, Appellee Mohsin Y. Meghji, Litigation Administrator, as Representative for the Post-Effective Date Debtors ("Appellee") filed a Complaint in Adversary Proceeding Case Nos. 24-04004 and 24-04005.[1] *See* Complaint, D.E. 1; Complaint, D.E. 1. On October 24, 2024, the Court entered an Order allowing alternative service by NFT on both dockets. *See* Order Granting Alternative Service, D.E. 35; D.E. 24. On December 4, 2024, the Court entered an Order setting January 9, 2025 as the Wallet Owners' deadline to respond to the Adversary Proceeding. *See* Order Prescribing Answer Deadline, D.E. 49; D.E. 29. On January 16, 2025, Defendant Kane filed his Answer to the Complaint in Case No. 24-04004. *See* Answer, D.E. 58.

[1] Docket entry citations refer first to Adversary Proceeding Case No. 24-04004, followed by Adversary Proceeding Case No. 24-04005. It will be specifically noted when referring to the District Court/Appellate docket entries, and will refer first to District Court Case No. 1:26-cv-03749, followed by District Court Case No. 1:26-cv-03750.

On March 10, 2025, the Clerk of the Court entered Default against Wallet Owner 0xd3C8e3E8DCD89Ae98fBa866dB20ae72DC2Ee75a3 in Case No. 24-04004. *See* Default, D.E. 64. On March 25, 2025, the Clerk of the Court entered Default against Wallet Owner 0xd3C8e3E8DCD89Ae98fBa866dB20ae72DC2Ee75a3, Wallet Owner xbf7c232b80ad3131d692 34cc820ccd26a3f6a823 and Wallet Owner 0x6c7Ce9f8aFA19976f8BFa233EEed5b0a72d4E16c in Case No. 24-04005. *See* Defaults, D.E. 51-53. On September 3, 2025, Kane wrote a Letter to the Court, requesting to vacate the Defaults. *See* Letter, D.E. 88; D.E. 58. On January 15, 2026, the Court held a hearing in this matter before Judge Glenn. On April 15, 2026, the Court entered an Opinion and Order, denying Kane's request to set aside the Defaults. *See* Opinion and Order, D.E. 103; D.E. 66. The Opinion and Order stated that "[a] separate order will be entered scheduling a damages inquest." *Id.*

On April 29, 2026, fourteen days after entry of the Opinion and Order, Kane filed a Notice of Appeal and Statement of Election. *See* Notice of Appeal and Statement of Election, D.E. 104; D.E. 67. The Notice of Appeal was thus timely. *See* FRBP 8002(a)(1).

On May 6, 2026, these cases were opened and Appellant's Notice of Appeal regarding the Opinion and Order of Judge Martin Glenn, which denied Appellant's request to set aside default judgments entered against himself and the Kane Wallets, were assigned Case Nos. 1:26-cv-03749 and 1:26-cv-03750 in the District Court. *See* Notice of Appeal, D.E. 1; D.E. 1. On June 1, 2026, Plaintiff/Appellee filed a Motion for Default Judgment against the Kane Wallets and to Stay the Adversary Proceedings as to Kane. *See* Motion for Default Judgment and to Stay the Adversary Proceedings, D.E. 110; D.E. 69. On June 15, 2026, Kane filed an Opposition to the Motion for Default Judgment and to Stay the Adversary Proceedings. *See* Opposition to Motion for Default Judgment and to Stay the Adversary Proceedings, D.E. 112; D.E. 71. On June 22,

2026, Plaintiff filed its Reply. *See* Reply, D.E. 113; Reply, D.E. 74. This Motion is still pending.

On June 15, 2026, Appellee filed a Motion to Dismiss Interlocutory Appeals on both District Court dockets. *See* Motion, D.E. 20; D.E. 21. Appellant opposed the Motion to Dismiss Interlocutory Appeals on July 13, 2026. *See* Opposition, D.E. 24; D.E. 24. Appellee filed its Reply in Further Support of the Motion to Dismiss Interlocutory Appeals on July 22, 2026. *See* Reply, D.E. 25; D.E. 25. This Court granted Appellee's Motion to Dismiss Interlocutory Appeals and dismissed the appeals on September 18, 2026, "without prejudice to refiling within 14 days of the entry of this Order." *See* Order, D.E. 26; D.E. 26. Appellant now timely brings this Motion for Leave to Appeal, within fourteen days of the Order, which must be granted.

## LAW & ARGUMENT

## POINT I

## THE MOTION FOR LEAVE TO APPEAL MUST BE GRANTED

Pursuant to Federal Rule of Bankruptcy Procedure ("F.R.B.P.") 8004, this Motion must be granted, as this Motion includes all of the necessary requirements for leave to appeal to be permitted. F.R.B.P. 8004 states that a "motion for leave to appeal under 28 U.S.C. §158(a)(3) must include:

> (A) the facts needed to understand the question presented;
>
> (B) the question itself;
>
> (C) the relief sought;
>
> (D) the reasons why leave to appeal should be granted; and
>
> (E) a copy of the interlocutory order or decree and any related opinion or memorandum."

*See* F.R.B.P. 8004(b).

The questions presented on this appeal are:

1. Does Rule 55(a) as applied through Bankruptcy Rule 7055 allow a clerk's default against a defendant sued only as the John Doe "Wallet Owner" of a blockchain address, when the owner of that wallet is also a named defendant in the same case, had answered before any default and is still actively defending the claims?
2. Under the law, must a Court weigh the risk that a default will result in a judgment inconsistent with the adjudication of the same claim against the same person who has actually answered and is defending an action in when analyzing good cause pursuant to Rule 55(c)?
3. Is a Court permitted to conduct a damages inquest and enter a judgment on a default while the same claim remains pending on the merits but is unadjudicated against the same defendant?
4. Did the Bankruptcy Court apply the wrong legal standard for prejudice when it treated additional litigation expenses on the merits as a grounds for prejudice?
5. Did the Bankruptcy Court apply the wrong legal standard regarding a meritorious defense when it found that there was no meritorious defense because it could be easily disproven and when the Court failed to analyze whether Kane's defense would be a complete defense if established at trial?

The facts needed to determine these questions are included in this Motion. The relief requested by Appellants is (i) reinstate the appeals; (ii) grant Appellant leave to immediately appeal the Decision and Order from the Bankruptcy Court; and (iii) set a briefing schedule. As part of the appeal, Appellant will seek an order reversing the Bankruptcy Court's decision, which denied Appellant's request to set aside the default judgments entered against Appellant and the

Kane Wallets, and to vacate those default judgments. A true and correct copy of the order Appellant wishes to appeal from is attached as Exhibit C to the Declaration of Aaron Twersky.

Leave to appeal must be granted, as to determine this, the courts have relied on the standard set by 28 U.S.C. 1292(b). "Courts in this Circuit have applied the test set by 28 U.S.C. § 1292(b), which governs interlocutory appeals of district court orders to a United States Court of Appeals." *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 658 B.R. 19, 25 (S.D.N.Y. 2024). 28 U.S.C. § 1292(b) "provides that leave to file an interlocutory appeal should be granted only where (1) the appeal 'involves a controlling question of law,' (2) 'as to which there is substantial ground for difference of opinion,' and (3) 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.' " *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, supra*, 658 B.R. at 25. As will be shown below, Appellants meet both of these standards, and therefore the Court must grant this Motion.

**A. The Appeal Concerns Controlling Questions Of Law And Is Proper Under 28 U.S.C § 1292(b)(1)**

This appeal concerns purely questions of law and therefore, the appeal is proper and leave must be granted. Under the first prong of the test set by 28 U.S.C § 1292(b), a " 'question of law' must refer to a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record." *In re Worldcom, Inc., 2003 WL 21498904*, at *10 (S.D.N.Y. June 30, 2003), quoting *Ahrenholz v. Bd. of Trs. of Univ. of Illinois*, 219 F.3d 674, 676–677 (7th Cir. 2000). The issues and questions presented for this appeal are ***purely issues of law***, as stated above. There are no issues of fact that must be developed to resolve them.

Further, a question may be controlling when "determination of the issue on appeal would materially affect the litigation's outcome." *Consub Delaware LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007), aff'd, 543 F.3d 104 (2d Cir. 2008);

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990) ("[T]he resolution of an issue need not necessarily terminate an action in order to be 'controlling' "). In this case, if the first question presented is resolved in Appellant's favor, the clerk's defaults would be vacated without the need for further inquiry and the inquest, the motion to stay the action against Kane, and pending motion for default judgment would also be unnecessary. Therefore, considering the number of outstanding issues in the case that would be affected, the issues on appeal are controlling. Accordingly, the Motion for Leave to Appeal must be granted.

**1. A Party Who Answers And Is Actively Participating In And Defending An Action In One Capacity Cannot Be In Default In A Different Capacity**

With regards to the first legal issue, it is respectfully submitted that it was an error to enter a default judgment against the Kane Wallets, precisely because Appellant Arben Kane had filed an answer and was actively participating in the litigation. Rule 55(a) permits entry of a default judgment against a party that "has failed to plead or otherwise defend."

Therefore, when a party answers a complaint and actively defends an action, as Kane did in this case, that party is not in default even if listed in another, different capacity, which did not answer. *See Moran v. Town of Greenwich*, 2021 WL 3604349, at *10 (D. Conn. Aug. 13, 2021) ("As to Mr. Moran's argument that the two individual policy-making defendants sued in their official capacity, namely Peter Tesei and James Heavey, were required to file an Answer to the Amended Complaint, the Court already has rejected this argument in denying Mr. Moran's earlier motion for default judgment on this basis"). Therefore, it is clear that the issue on appeal is a legal one.[2]

[2] The fact that Kane's answer did not admit to ownership of one of the wallets, does not change the default analysis. Rule 55(a) addresses whether a party fails to answer and defend, not what was said in a pleading.

Previously in the Bankruptcy Court, Appellee made an argument that the wallets are not fictitious, because the Kane Wallets are specifically enumerated wallet addresses. However, this argument actually supports Appellant's point, and not Appellee's. If the wallets are not fictitious and are thus not separate from Kane, then the Kane Wallets did not default because Kane did answer and defend. This, again, is stronger than a party being named in both an individual and official capacity, because Kane is named in the same capacity in this context.

In *Moran v. Town of Greenwich*, parties were named in both their individual and official capacities, however, the Court refused to enter a default judgment against those individuals, when they only responded in one capacity. *See Moran v. Town of Greenwich, supra,* 2021 WL 3604349, at *10. Here, the case is even more compelling because the capacity that Kane allegedly did not answer in was, according to Appellee, only a different way of describing Kane who did and answer and defend the action.

Similarly, in *Henry v. Oluwole*, the Court found that a default judgment could not be entered against a party if it relied on allegations that had been rejected by the jury for a related party. *See Henry v. Oluwole*, 108 F.4th 45, 55 (2d Cir. 2024) ("to comply with the *Frow*[3] principle prohibiting inconsistent judgments, we must disregard the allegations in Henry's complaint that conflict with the jury verdict"); *see also Moore v. Booth*, 122 F.4th 61, 63 (2d Cir. 2024) ("We conclude that the district court abused its discretion when it granted a default judgment against Booth after it had already dismissed identical claims on the merits against the litigating defendants based on a defense that applied equally to Booth"); *see also Falls v. Pitt*, 2026 WL 1413613, at *3 (S.D.N.Y. May 20, 2026) ("Because the jury found that Plaintiff had

---

[3] The Court relied on the case *Frow v. De La Vega* for the principle that "if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others." *Frow v. De La Vega*, 82 U.S. 552, 554 (1872).

not proven that any of the Police Defendants, including Defendant Mendez, unreasonably searched him incident to his arrest, the Court must disregard Plaintiff's allegation that Defendant Mendez did"); *see also Perez v. Tradition Choice, LLC*, 2025 WL 2639180, at *3 (E.D.N.Y. July 16, 2025) (adopting same reasoning); *see also 3|5|2 Cap. GP LLC on behalf of 3|5|2 Cap. ABS Master Fund LP v. Wear*, 2025 WL 1446827, at *8 (S.D.N.Y. May 20, 2025) ("Allowing a federal default judgment to remain in effect as to some Defendants, while dismissing the action against all other Defendants notwithstanding the deficiencies, would create precisely the sort of "incongruity" against which the Second Circuit and Supreme Court have warned. Accordingly, the Court finds it appropriate to vacate the default judgments").

The holding in the above cases apply with even more force in this case because Kane is defending this case and he is the exact same party as the Kane Wallets, while the above cases merely address another party who has a similar defense. Since Kane has a right to continue defending this action, a default cannot be allowed on the facts that Kane is contesting because, if he is proven correct, granting a default judgment would result in inconsistent judgments, which are not allowed pursuant to the law in the Second Circuit. At the very least, to avoid incongruity, the motion for default should be held in abeyance, pending resolution on the merits of the action against Kane.

**2. A Default Judgment Should Not Have Been Entered In Either Case And An Inquest Should Not Proceed Until the Merits Are Determined**

A default should never have been entered in either of the Bankruptcy Court actions, because this could lead to inconsistent rulings. Further, an inquest should not proceed prior to a determination of the merits. The prohibition against inconsistent rulings applies to both Adversary Proceeding Case Number 24-04004 and Adversary Proceeding Case Number 24-04005, for the reason that the essential allegation in both cases is the same. Initially Wallet

Owner 0xd3C8e3E8DCD89Ae98fBa866dB20ae72DC2Ee75a3 appears in both cases. Further, the essential allegation regarding this Wallet is that 225 Ethereum were transferred into it without consideration. *See* Complaint, ECF No. 1, ¶ 64(c) (Adv. No. 24-04004); Complaint, ECF No. 1, ¶ 73(b) (Adv. No. 24-04005). Kane asserts that any transfer was for fair value. If Kane is proven correct by the finder of fact, the proposed default judgment would necessarily be based on this fact and therefore would be impermissibly inconsistent.

In addition, a good-cause inquiry is not limited to the factors considered by the Bankruptcy Court. "Other relevant equitable factors may also be considered, for instance . . . whether the entry of default would bring about a harsh or unfair result." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Further, "the *Frow* principle applies when the defendants are 'similarly situated' or have 'closely related defenses' even if not jointly liable." *Moore v. Booth*, *supra*, 122 F.4th at 67. The Bankruptcy Court did not address the inconsistent judgment issue.

This point is made even clearer by Appellee requesting a stay in the Bankruptcy Court against Kane. Appellee admits that, "[b]ecause Kane has been identified as Wallet Owner 0xd3c8e in Adversary Proceeding No. 24-04004, the Court's determination as to Plaintiff's [Appellee's] Motion for Default Judgment is likely to have a material impact on how the parties proceed in Adversary Proceeding No. 24-04004 as to the claims against Kane by name." However, this is the opposite of the law. Kane continues to have a right to defend this case on the merits, even if a default judgment is entered against the Kane Wallets.

This is shown in a recent case where a default judgment was entered against one party and the non-defaulting party went to trial and won. The Court was then forced to vacate the defaults. *See Falls v. Pitt*, *supra*, 2026 WL 1413613, at *3 ("Because the jury found that Plaintiff

had not proven that any of the Police Defendants, including Defendant Mendez, unreasonably searched him incident to his arrest, the Court must disregard Plaintiff's allegation that Defendant Mendez did"). This shows that a default judgment will not bind a non-defaulting party and a default is not permitted when it produces a result that is not consistent with a merits determination. Thus, to the extent Kane is treated differently because he is named in different capacities, his right to defend cannot be abrogated by a default and should he prevail with his defense, the defaults would need to be vacated at that time.

Appellee even admits it is seeking a stay to avoid "potentially conflicting outcome." However, again, Second Circuit precedent makes it clear that *no default judgment should be entered*, specifically to prevent those potentially conflicting outcomes, because the finder of fact may determine that facts necessary to enter the default judgment are not true. *See Henry v. Oluwole*, *supra*, 108 F.4th at 55 ("to comply with the *Frow* principle prohibiting inconsistent judgments, we must disregard the allegations in Henry's complaint that conflict with the jury verdict").

Again, the issues on appeal are purely legal questions. Whether it is proper to enter a default judgment against a party, based on facts that may be proven not to be true with respect to other parties, is improper. Therefore, these legal questions are appropriate for immediate determination, and leave to appeal should therefore be granted.

### 3. **The Bankruptcy Court Used The Incorrect Legal Standard**

Moreover, the Bankruptcy Court used the incorrect legal standard and therefore, the motion for leave to appeal must be granted. The Bankruptcy Court's finding is based on Appellee being "prejudiced" due to being "forced to incur substantial expenses." However, the Second Circuit has held that increased litigation expenses are not legally prejudicial. In *Henry v.*

*Oluwole*, the Court found that six years of litigation expenses, totaling 12,000 hours, did not constitute prejudice. *See Henry v. Oluwole*, *supra*, 108 F.4th at 55. Similarly, in *Pecarsky v. Galaxiworld.com*, the Court found that court costs and attorneys' fees did not constitute prejudice. *See Pecarsky v. Galaxiworld.com*, 249 F.3d 167, 174 (2d Cir. 2001). Again, this is purely a legal issue wherein an incorrect legal standard was cited. Therefore, the Motion must be granted in its entirety and this appeal must be allowed, as it is clear that this Motion meets the first prong of 28 U.S.C § 1292(b).

**B. There Is A Substantial Ground For Difference Of Opinion And Therefore The Appeal Is Proper Under 28 U.S.C § 1292(b)(2)**

The second prong of 28 U.S.C. § 1292(b) is also met. "Under the second prong, there exists 'substantial ground for disagreement' over a controlling question of law when '(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit.' " *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, *supra*, 658 B.R. at 25, quoting *In re Enron Corp.*, 2007 WL 2780394, at *1 (S.D.N.Y. Sept. 24, 2007).

In this case, Appellant is not aware of any authority, and Appellee has not provided any authority, for its position that a default may be entered against Kane as a "wallet owner," when he has already answered and is actively defending the action in his named capacity. This therefore constitutes an unresolved, first impression question of law.

Further, in this case, Appellee has sued "wallets" across multiple dockets. Thus, the question presented in this case, whether defaults against "wallets" are proper when the actual human owner has answered, is a question that may reoccur and must be resolved. Therefore, the second factor is satisfied and Appellant's Motion should be granted.

**C. This Appeal Will Advance The Termination Of This Litigation And Therefore Is Proper Under 28 U.S.C § 1292(b)(3)**

Lastly, this appeal is also proper under the third prong of 28 U.S.C. §1292(b). "Under the third prong, which is 'closely connected' to the first, [a]n immediate appeal is considered to advance the ultimate termination of the litigation if that appeal promises to advance the time for trial or shorten the time required for trial." *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, *supra*, 658 B.R. at 26 (internal quotations and citations omitted). In this case, Appellee has asked to stay the case against Kane, who has actually answered and is defending it, while it seeks to enter default against Kane as a wallet owner. However, as is noted above, if Kane actually does successfully defend this action and shows the transfers were not made or were for fair value and consideration, any default will be open to immediate attack. Nevertheless, Appellee's position is to delay the proceeding against Kane. An appeal will allow this issue to be resolved quickly, and will shorten the time to actual trial of the issue. Accordingly, the third factor under 28 U.S.C 1291(b) is met.

**D. The Appeal Is Proper Under The *Klinghoffer* Case**

Moreover, leave to appeal also must be granted under the standard set in *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*. There, the Court explained the standard used for what constitutes a proper interlocutory appeal, as one which "involves a controlling question of law . . . as to which there is substantial ground for difference of opinion." *See Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, *supra*, 921 F.2d at 25. Here, the questions and issues on appeal are purely controlling legal questions, meeting the first requirement. Moreover, there is also a substantial ground for difference of opinion, as it is unclear if Appellee has authority for its position that a default can be entered against Kane in a

different capacity, when he has previously appeared and answered in his named capacity. Additionally, the Bankruptcy Court ruling in this case, conflicts with several District Court decisions, which qualifies as conflicting authority and a difference of opinion. Therefore, leave to appeal must also be granted under the *Klinghoffer* case.

In addition, there are exceptional circumstances in this case. First, as is noted above, Kane is being held in default as the owner of the Kane Wallets despite the fact that he has answered and is defending this action in his own name. Second, Appellee is seeking a default judgment against the Kane Wallets while also seeking a stay of the action against Kane in is individual capacity. *See* The Court in *Frow v. De La Vega* found such a request to be "incongruous and illegal." *Frow v. De La Vega*, *supra*, 82 U.S. at 554. Finally, the Bankruptcy Court found willfulness based on the idea that Kane took no action before the default. However, Kane had answered and was actively defending the case.

**POINT II**

**THE APPEAL MUST BE GRANTED IN ORDER TOADDRESS ERRORS IN THE LOWER COURT'S DECISION**

The Bankruptcy Court, respectfully, made errors in its decision denying Kane's request to vacate the default judgment which are controlling, and immediate appeal will therefore materially advance the litigation. First, the Bankruptcy Court found that "he [Kane] still failed to take action prior to the entrance of the Default in November 2024." *See* Opinion and Order, D.E. 103; D.E. 66. However, the Court has misstated the record. In November 2024, Plaintiff made a request for certificate of default against Kane in Case No. 24-04004, and on March 10, 2025, requested the same in Case No. 24-04005. *See* D.E. 38; D.E. 32. However, the Court Clerk did not enter the defaults in both cases until March 2025. *See* D.E. 64-66; D.E. 51-53. By March 2025, Kane had answered and was actively defending the action. The Bankruptcy Court did not

discuss the effect of the answer and active defense.

Second, the Bankruptcy Court misstated the standard regarding a meritorious defense. In the Court's Opinion and Order stated that "Kane has not demonstrated the existence of a meritorious defense." *See* Opinion and Order, D.E. 103; D.E. 66. The Opinion and Order then separately stated, that the defense Kane asserts is that he "engaged in an arm's-length transaction with Jason Stone." If established, this would constitute a complete defense and therefore should have been considered a meritorious defense, for the purposes of the motion. *See Enron Oil Corp. v. Diakuhara*, *supra*, 10 F.3d. at 98; *see also New York v. Green*, 420 F.3d 99, 109 (2d Cir. 2005) ("In order to make a sufficient showing of a meritorious defense . . . the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense"). The Bankruptcy Court did not discuss the above standard. Rather, the Bankruptcy Court stated that Appellant's defense could "easily be disproven", which is not the correct standard for this analysis.

Furthermore, Appellee's position that Appellant's interlocutory appeal should be denied and the lower's court's decision can only be reviewed after a final judgment is entered is incorrect. Appellee seeks a final judgment on the transfers, "to avoid unnecessary expense, delay, and potentially conflicting outcomes." *See* Reply, D.E. 113; Reply, D.E. 74.

However, this position is something that Courts have addressed and denounced as "incongruous and illegal." *Frow v. De La Vega*, *supra*, 82 U.S. at 554 ("But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal"). This appeal would avoid that incongruity that Appellee is seeking.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Appellant Arben Kane respectfully requests that the Court: a) grant Appellant's Motion for Leave to Appeal in its entirety; b) set a briefing schedule; and c) grant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 2, 2026

**TWERSKY PLLC**

By: ______________________

Aaron Twersky, Esq.
Ilana Neufeld, Esq.
747 Third Avenue, 32nd Floor
New York, New York 10017
(212) 425-0149
atwersky@twerskylaw.com (e-mail)
ineufeld@twerskylaw.com (e-mail)

*Attorneys for Appellant Arben Kane*

*[This certification must be appended to your document if its length is calculated by maximum number of words or lines of text rather than number of pages.]*

## Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

1. This document complies with the type-volume limit of Fed. R. Bankr. P. 8015(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. Bankr. P. 8015(g):

**X** this document contains 4,696 words, **or**

❑ this brief uses a monospaced typeface and contains [*state the number of*] lines of text.

2. This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because:

**X** this document has been prepared in a proportionally spaced typeface using Microsoft Word 2021 in Times New Roman, Size 12, **or**

❑ this brief has been prepared in a monospaced typeface using [*state name and version of word-processing program*] with [*state number of characters per inch and name of type style*].

Signature

Date: October 2, 2026

Print name of person signing certificate of compliance:

Aaron Twersky

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

In re:

CELSIUS NETWORK LLC, et al.,

Post-Effective Date Debtors.

Chapter 11
Case No. 22-10964 (MG)

---------------------------------------------------------------------x

MOHSIN Y. MEGHJI, LITIGATION ADMINISTRATOR, AS REPRESENTATIVE FOR THE POST-EFFECTIVE DATE DEBTORS,

Plaintiff,

-against-

ANTOINE CASTEL, et al.

Defendants.

Civil No. 1:26-cv-03749

Adv. Pro. Case No. 24-04004

---------------------------------------------------------------------------x

MOHSIN Y. MEGHJI, LITIGATION ADMINISTRATOR, AS REPRESENTATIVE FOR THE POST-EFFECTIVE DATE DEBTORS,

Plaintiff,

-against-

WALLET OWNER
0xdbc13e67f678cc00591920cece4dca6322a79ac7, et al.,

Defendants.

Civil No. 1:26-cv-03750

Adv. Pro. Case No. 24-04005

---------------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF**
**APPELLANT'S MOTION FOR LEAVE TO APPEAL**

**TWERSKY PLLC**
747 Third Avenue, 32nd Floor
New York, New York 10017
(212) 425-0149

*Attorneys for Attorneys for Appellant Arben Kane*